UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-251 |
| | § | |
| LEON LAMONT WILSON | § | |

## **ORDER**

Before the Court is Leon L. Wilson's motion for copies of his docket sheet and transcripts. (D.E. 36). The motion is granted in part and denied in part.

Wilson filed a notice of appeal on September 30, 2013. (D.E. 28). He was appointed counsel for his direct appeal, John Freisell. (D.E. 34). Mr. Freisell requested transcripts on Wilson's behalf for Wilson's appeal. (*See* D.E. 37-42).

Wilson's motion is unauthorized. Although he is represented by counsel, Wilson filed the motion on his own behalf. A litigant who is represented by counsel is not also entitled to act in the Court on his own behalf. Such action is called hybrid representation (representation by counsel and on one's own behalf). Although a criminal defendant has a constitutional right to assistance of counsel, and a correlative right to waive assistance of counsel, it is well established that a criminal defendant has no constitutional right to hybrid representation, "partly by counsel and partly by himself." *Neal v. Texas*, 870 F.2d 312, 315-16 (5th Cir. 1989) (citing *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978)); *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996) (observing that "there is no constitutional right to hybrid representation").

Because Wilson already has counsel, his motion for transcripts (D.E. 36) is DENIED in part. Wilson's motion for a copy of his docket sheet (D.E. 36) is GRANTED. The Clerk is instructed to serve the Court's Order on Wilson and all counsel. The Clerk is further instructed to forward Wilson a copy of his docket sheet.

ORDERED this 28th day of February, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE