UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 2:13-251 CIVIL NO. 2:17-222 |
| LEON LAMONT WILSON, Defendant/Movant. | § § § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Leon Lamont Wilson filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 72). The United States of America (the "Government") filed a motion for summary judgment seeking to dismiss Movant's § 2255 motion as untimely, barred by waiver, and substantively meritless (D.E. 74). Movant did not respond. For the reasons stated herein, the Government's motion for summary judgment is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

On April 29, 2013, Movant pled guilty to possession with intent to distribute 258.13 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Movant's plea was pursuant to a written Plea Agreement wherein he waived his right to appeal or collaterally attack his sentence or conviction. The Presentence Investigation Report (PSR) assigned Movant a base offense level of 26. Movant had two prior felony controlled substance offenses—both Tennessee convictions for possession with intent to distribute cocaine—which rendered him a career offender under U.S.S.G. § 4B1.1(b)(2) and increased his offense level to 34. After credit for acceptance of responsibility,

1

Movant's total offense level was 31, criminal history category VI, resulting in a Guideline sentencing range of 188–235 months' imprisonment. At sentencing, the Court adopted the PSR as written, then granted a downward variance and sentenced Movant to 108 months' imprisonment, to be followed by 5 years' supervised release.

Judgment was entered September 13, 2013. Movant appealed, but his appeal was dismissed as frivolous on November 4, 2014, after his appellate counsel filed an *Anders* brief. Movant did not petition the Supreme Court for a writ of certiorari. He filed the present § 2255 motion on or about June 20, 2017.

## II. MOVANT'S ALLEGATIONS

Movant claims that his prior Tennessee convictions for possession with intent to distribute cocaine cannot be used as predicate offenses to support a career offender enhancement under U.S.S.G. § 4B1.1, citing *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016); and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016).

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for

transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

## B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[1] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Movant's conviction became final on February 2, 2015—90 days after the Fifth Circuit dismissed his appeal. *See* S. CT. R. 13. He was required to file his § 2255 motion no later than one year from that date, or on or before February 2, 2016. Movant's motion was filed no earlier than June 20, 2017, the day his motion is dated. *See* Rule 3(d), § 2255

---

1. The statute provides that the limitations period shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

RULES. Unless an exception applies to the standard limitations period, Movant filed his motion over a year too late.

Movant relies on *Mathis*, *Hinkle*, *Tanksley*, and *Holt* to extend limitations for his claim that his prior Tennessee convictions for possession with intent to distribute cocaine are not proper predicate offenses to qualify him as a career offender under the Sentencing Guidelines. The Antiterrorism and Effective Death Penalty Act's (AEDPA's) statute of limitations is extended when "the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Unfortunately for Movant, the Fifth Circuit has held that *Mathis* did not recognize a new rule of constitutional law that has been made retroactive to cases on collateral review. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). *See also United States v. Nelson*, 2017 WL 3034630, at *7 (S.D. Tex. June 6, 2017), *report and recomm. adopted*, 2017 WL 3025838 (S.D. Tex. July 17, 2017) ("The Supreme Court noted in *Mathis* that i[t] was not announcing a new rule and that its decision was dictated by decades of prior precedent.").

The Seventh Circuit opinion upon which Movant relies also explicitly stated that "*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law." *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Because *Mathis* is not retroactive on collateral review, *Hinkle* and *Tanksley* do not apply on collateral review either. *United States v. Bermea*, 2017 WL 821787, at *2 (S.D. Tex. Mar. 2, 2017) ("Although *Hinkle* changed the interpretation of the effect of a particular kind of conviction, it did not write new law and is not a retroactively applicable Supreme Court decision."); *Lopez v. United States*, 2017 WL 1284946, at *3 (W.D. Tex. Apr. 5, 2017)

(*Hinkle* and *Tanksley* "did not write new law, nor do they constitute retroactively applicable Supreme Court decisions.").

Movant's claim that his prior Tennessee convictions for possession with intent to distribute cocaine are not proper predicate offenses under the Sentencing Guidelines is barred by AEDPA's statute of limitations. As such, the Court need not consider the Government's arguments that this claim is also barred by waiver and is substantively meritless.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 74) is **GRANTED,** and Movant's § 2255 motion (D.E. 72) is **DENIED**. Movant is also **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 16th day of January 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE